# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MARQUAYLE MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:15-cv-00274-WCL-SLC** |
| | ) | |
| **B. PRUSER,** *Fort Wayne City Police* | ) | |
| *Officer # 1820F, et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Leave to File First Amended Complaint filed by

Plaintiff on December 3, 2015, seeking to amend his complaint to add certain defendants

identified through Defendants' initial disclosures and to sever his claim of unlawful vehicle

seizure. (DE 13). Plaintiff's counsel represents in the motion that defense counsel does not

object to the motion. (DE 13 ¶ 5).

Plaintiff acknowledges that his deadline for any amendments to the pleadings was

November 29, 2015, and thus, that his motion is untimely by three days.[1] "When an act may or

must be done within a specified time, the court may, for good cause, extend the time . . . on

motion made after the time has expired if the party failed to act because of excusable neglect."

Fed. R. Civ. P. 6(b). Excusable neglect is a somewhat "elastic concept," *Pioneer Inv. Servs. Co.*

*v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable

determination that can "encompass situations in which the failure to comply with a filing

deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th

---

[1] Because November 29 was a Sunday, the deadline was automatically extended to November 30. Fed. R. Civ. P. 6(a)(3).

Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

Here, the brief length of the delay did not impact the judicial proceedings or cause prejudice to Defendants. Although Plaintiff does not describe with particularity why he filed the motion three days late, "attorney carelessness can constitute 'excusable neglect.'" *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). Moreover, Defendants do not oppose the motion, and the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Taking into account all of these circumstances, the Court GRANTS Plaintiff's motion to amend (DE 13) and DIRECTS the Clerk to show Plaintiff's First Amended Complaint (DE 13-1) filed.

 SO ORDERED.

Dated this 3rd day of December 2015.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge