UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARQUAYLE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:15-CV-274 |
| | ) |
| CITY OF FORT WAYNE, BARRY | ) |
| PRUSER, MICHAEL LONG, | ) |
| MARTIN P. GROOMS, DERRICK | ) |
| DEMOREST, and TODD HUGHES, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Rule 54(b) Motion to Reconsider and Amend Judgment (DE 59). The Defendants, the City of Fort Wayne and six of its police officers, filed a response in opposition to the motion (DE 60) and Martin filed a reply (DE 61). For the reasons discussed below, the motion is GRANTED as to the Plaintiff's claims for excessive force and battery against Defendant Barry Pruser and Martin may proceed on those claims. The motion is DENIED as to the Plaintiff's claim for illegal search and seizure of his vehicle and that claim remains pending.

## BACKGROUND

The underlying facts of this case were recounted in great detail in this Court's Opinion and Order entered on January 12, 2017 (DE 58) and in the parties' briefs that were the subjects of that Order.[1] In that opinion, which addressed several issues raised by the parties' previous cross

---

[1] S*ee, e.g.*, Defendants' Memorandum in Support of Motion for Summary Judgment (DE 27); Plaintiff's Brief in Opposition (DE 28); Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment (DE 41); Defendants' Brief in Opposition (DE 45).

motions for summary judgment, the Court granted summary judgment in favor of the Defendant officers on Martin's Fourth Amendment claims against them for excessive force, and denied Martin's motion for partial summary judgment and the Defendants' motion for summary judgment on his Fourth Amendment illegal search and seizure claim. Martin is asking the Court to revisit both of those conclusions.[2] More specifically, Martin presents the following arguments:

1) The Court should "reconsider and amend its Order . . . concerning his excessive force and battery claims against Defendant Officer Barry Pruser. . . . [T]he Court erred in concluding that the primary events underlying these particular claims were captured on video and, hence, appropriate for summary disposition. Rather, these events were not captured on video and evidence presented concerning these claims creates genuinely disputed issues of material fact that necessitate trial by jury." Plaintiff's motion to reconsider, p. 1;

2) The Court should reconsider its conclusion denying Plaintiff's motion for partial summary judgment on his illegal search and seizure claim because "while the Court properly determined that *United States v. Duguay*, 93 F.3d 346 (7th Cir. 1996) is the law, the Court wrongly determined that there were *genuine* issues of material fact that foreclosed the full application of *Duguay*." *Id*., p. 5.

The Defendants respond by arguing that "the fact that this Court considered and rejected Martin's evidence and arguments does not provide a basis for this Court to use its limited discretionary power to reconsider its prior determination[]" on this issue. Defendants' Response,

---

[2] In its Opinion and Order, the Court also granted summary judgment in favor of the Defendants on Martin's "claims against the City of Fort Wayne under *Monell v. Dept. of Soc. Svcs.* and under *respondeat superior*[,]" and denied the Defendants' motion "as to the issue of qualified immunity and . . . as to the Plaintiff's claim for punitive damages." Opinion and Order (DE 58), p. 1. Those rulings are not challenged in the present motion.

2

p. 2. They argue that Martin is relying solely on "his self-serving affidavit [to] show[] that the force used was unreasonable under the circumstances[,]" and that that is an insufficient reason to seek reconsideration. *Id*. As to Martin's search and seizure claims, the Defendants argue that "[t]his Court thoroughly addressed the summary judgment evidence in the context of *Duguay* and held that it is for a jury to determine if the vehicle seizure was reasonable under the circumstances . . . . Martin provides no sound basis for the Court to change its reasoning." *Id*.

## STANDARD OF REVIEW

Under Rule 54(b), an order adjudicating "fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). As a sister court explained recently:

> Courts have the inherent power to reconsider non-final orders, as justice requires, before entry of judgment. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007). Motions to reconsider interlocutory orders "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

*Bd. of Trustees of Univ. of Illinois v. Micron Tech., Inc.*, —F.Supp.3d—, 2017 WL 1164483, at *5 (C.D.Ill. Mar. 28, 2017). Motions to reconsider are disfavored since "'the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Lock Realty*

*Corp. IX v. U.S. Health LP*, 2010 WL 148296, at *1 (N.D.Ind. Jan. 13, 2010) (quoting *United States Securities and Exch. Comm'n v. National Presto Indus., Inc.*, 2004 WL 1093390, at *2 (N.D.Ill. Apr.28, 2004)). "A party seeking reconsideration can't introduce new evidence or legal theories that could have been presented earlier or simply rehash previously rejected arguments." *Id*.; *see also, Katz-Crank v. Haskett*, 2014 WL 3507298, at *2 (S.D.Ind. July 14, 2014) ("A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments.). The Defendants oppose Martin's motion because they claim he is merely trying to get a second bite at the apple, and that's partly correct. But Martin also argues, correctly the Court concludes, that a credibility issue exists regarding his claims against Pruser and the Court should vacate its previous order and permit him to go forward with those claims.

## DISCUSSION

**I. Excessive force and battery claims against Officer Pruser**.

In his Second Amended Complaint (DE 22) Martin asserted Fourth Amendment excessive force claims and state law battery claims against the Defendant officers, alleging that they used unreasonable physical force when they arrested him on June 27, 2014. The Court dismissed all of those claims in its previous order. Martin challenges this ruling only as to Officer Barry Pruser, the officer who handcuffed him and who, according to Martin, used excessive force when doing so. In his Second Amended Complaint, Martin describes the incident this way:

> As Plaintiff was on his knees and handcuffed, Officer Pruser then stuck his foot onto Plaintiff's right calf muscle and pressed it down into the gravel/rocks for no reason. Plaintiff protested as to Officer Pruser's use of excessive force and asked why he was pressing his foot onto his leg. Officer Pruser became more angry, and grabbed Plaintiff by the neck in a bear hug grip and began choking the Plaintiff,

4

> even though he was handcuffed and on his knees. Plaintiff protested again and
> asked why Pruser was choking him when he did nothing wrong. Officer Pruser
> told Plaintiff to shut up again.

Second Amended Complaint, p. 3. Martin contends that these actions by Pruser were sufficiently severe to constitute a violation of his Fourth Amendment right to be free from excessive force. The Court concluded differently the first time around, determining that none of the officers' actions were objectively unreasonable under the circumstances. Opinion and Order, pp. 11-12. The Court, after recounting the circumstances of Martin's arrest in great detail, concluded that "[g]iven the totality of the circumstances that existed during Martin's encounter with the Defendant officers, virtually off of which is captured on the video and audio recordings in evidence in this case, and even drawing all reasonable inferences in his favor, no reasonable juror could find that the use of force to effectuate Martin's arrest was unconstitutionally excessive." *Id.*, p. 19. This is where Martin claims the Court got it wrong–and he has a point, especially in the context of summary judgment. While it is true that almost all of the encounter between Martin and the Defendant officers was captured on videotape by three cameras in two separate police patrol cars, Martin focuses now only on his encounter with Pruser, which was *not* captured on video. Martin contends that the evidence pertaining to this encounter is inconclusive and gives rise to a material fact issue that can only be resolved by a jury.

As the Court noted in its previous order, "'[i]n order to establish an excessive force claim under § 1983, plaintiffs must demonstrate that a state actor's use of force was 'objectively unreasonable' under the circumstances.'" *Jones v. Philips, et al.*, 2016 WL 3255022, at *3 (E.D. Wis. June 13, 2016) (quoting *Thomas v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006)). "An officer's use of force is unreasonable from a constitutional point of view only if, 'judging

5

from the totality of the circumstances at the time of the arrest, the officer used force greater than necessary to make the arrest.'" *Id*. (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009)). Applying that standard and its analytical framework (*see id*., p. 15), this Court concluded that the actions of the Defendant officers on the day Martin was arrested were objectively reasonable and that his evidence was insufficient to raise a genuine issue of fact in that regard.

Martin does not argue that the Court applied the wrong legal standard or analytical framework in its previous order. What he is arguing now is that the Court was not in a position to conclude on summary judgment that Pruser's actions were objectively reasonable, since the actions on which he bases his excessive force claim against Pruser were not caught on camera, and therefore the evidence on this issue is (at least) inconclusive and must go to a jury. While he does so very politely, Martin is really arguing that this Court either jumped over a credibility issue or engaged in an improper weighing of the evidence when it concluded that his excessive force claim against Pruser did not survive summary judgment. To focus in even more, Martin's contention is that he alleged specific acts of excessive force by Pruser–including forcing him to kneel in gravel, stepping on his calf, pulling on his handcuffs, and choking him–that Pruser denied in his affidavit, thereby raising a credibility issue that precludes summary judgment.

The Court did consider the videotape evidence, of course, since it was submitted without objection and is relevant (crucial, in fact) to all the issues in this case. That said, the Court's decision to dismiss Martin's excessive force claims, including the one against Pruser, was based on much more than just the video evidence. *See* Opinion and Order, pp. 11-19. Still, Martin's present motion does an excellent job of sharpening the focus and demonstrating that notwithstanding the evidence, and most of the inferences the Court drew from it, there remains a

"he said, he said" issue that must go to a jury. Here's how Martin states it:

> The primary evidence concerning [Martin's excessive force and battery claims] . . . is, one, an affidavit from Defendant Pruser (DE 26-1) and, two, an affidavit from Mr. Martin (DE 28, Eh. A). In these two pieces of evidence, Defendant Pruser states that he believed it was necessary to handcuff Mr. Martin, step on Mr. Martin, and wrap his arm around Mr. Martin's neck when he had Mr. Martin kneeling before him on the side of the road. Mr. Martin testifies that, based on the totality of the circumstances, such actions were not necessary.

Plaintiff's Motion to Reconsider, p. 4. Martin's argument is that this credibility issue, in essence, got lost in the shuffle when the Court analyzed (and dismissed) his excessive force and battery claims against all the Defendant officers, but that it precludes summary judgment when examined exclusively in the context of Martin's altercation with Pruser. As Martin correctly pointed out in his brief in opposition to the motion for summary judgment, "even 'one violent push and poke' will constitute excessive force when there is no provocation.'" Plaintiff's Brief in Opposition (DE 28), p. 17 (quoting *DuFour-Dowell v. Cogger*, 969 F.Supp. 1107, 1120 (N.D.Ill. 1997) (quoting, in turn, *Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 475-76 (7th Cir. 1997)); *see also, Howell v. Smith*, —F.3d— , 2017 WL 1314935 (7th Cir. 2017) ("We have held that '[a] person has the right to be free from an officer's knowing use of handcuffs in a way that would inflict *unnecessary* pain or injury, *if* that person presents little or no risk of flight or threat of injury.'") (quoting *Rooni v. Biser*, 742 F.3d 737, 742 (7th Cir. 2014)). Martin has argued from the outset of this case that he was cooperative with police and that Pruser had no reason to use the degree of force he did when arresting and handcuffing him. He maintains that since those specific acts were not visible on the videotapes, the Court did not have the "totality of the circumstances" before it when it concluded that Pruser's actions were reasonable. That is the key to Martin's argument–that only he and Pruser really know what level of force Pruser used and

7

only a jury, *after* making credibility determinations, can determine whether it was reasonable.

The Defendants respond by pointing out that "[m]otions for reconsideration are not 'appropriate vehicles to again advance arguments already rejected by the court.'" Defendants' Response (DE 60), p. 3 (quoting *In re August 1993 Regular Grand Jury (Medical Corp. Subpoena I)*, 854 F.Supp. 1403, 1407 (S.D.Ind. 1994)). They contend that "[a]ll of the arguments supporting Martin's request for reconsideration of this Court's grant of summary judgment to Officer Pruser . . . are repetitive of the arguments previously made to and rejected by this Court on summary judgment. This Court has not misapprehended any of Martin's arguments on these claims." *Id.*, p. 5. Martin replies first by noting that he "does not dispute that the necessity for a motion to reconsider will be rare and should be sued sparingly to correct only manifest errors of law or fact." Plaintiff's Reply (DE 61), p. 1 (citations omitted). Still, he insists that this "Court's Order made a manifest error in fact" regarding his physical encounter with Pruser by assuming that the evidence submitted constituted the "totality of the circumstances" when in fact the totality cannot be determined until a jury resolves the credibility issue created by the "battle of affidavits" between Martin and Pruser. Martin's argument is well taken since, as stated above, "summary judgment is not . . . a vehicle for resolving factual disputes." *Waldridge v. Am. Hoechst*, 24 F.3d at 920.

For these reasons, Martin's motion for reconsideration is GRANTED as to his Fourth Amendment excessive force claim and his state law battery claim[3] against Defendant Officer

---

[3] Since Martin's Fourth Amendment excessive force claim against Pruser is revived, so too is his state law battery claim. In Indiana, the elements of a state law battery claim against a police officer mirror those of a federal excessive force claim. Under Indiana law, "[a] law enforcement officer is justified in using reasonable force if the officer reasonably believes that the force is necessary to effect a lawful arrest." I.C. § 35-41-3-3. But in keeping with federal

8

Barry Pruser. The Court's previous order granting summary judgment in favor of Pruser is vacated as to these two claims.

**II. Illegal search and seizure claims.**

Martin also argues in his motion for reconsideration that the "Defendants failed to identify any genuine issues of material fact" that precluded granting his request for partial summary judgment on his claim for the alleged illegal search and seizure of his vehicle. As stated above, the Court in its previous order denied both parties' motions for summary judgment on this claim, finding that credibility issues and the need to weigh the evidence precluded judgment as a matter of law for either side. Opinion and Order, pp. 21-41.

As the Court discussed and analyzed at length in its previous order, Martin's illegal search and seizure claim finds its legal footing in *United States v. Duguay*, 93 F.3d 346 (7th Cir. 1996). In *Duguay*, the Seventh Circuit held that warrantless automobile inventory searches, as well as warrantless impoundments of vehicles, are unreasonable in the absence of probable cause *and* where the arrestee or another person is available and able to remove the vehicle from the scene. The court explained as follows:

> The touchstone of Fourth Amendment analysis is "reasonableness." . . . . The policy of impounding the car without regard to whether the defendant can provide for its removal is patently unreasonable if the ostensible purpose for impoundment is for the "caretaking" of the streets. While it is eminently sensible not to release an automobile to the compatriots of a suspected criminal in the course of a criminal investigation, if the purpose of impoundment is not investigative, and in the absence of probable cause, we do not see what purpose denying possession of the car to a passenger, a girlfriend, or a family member could possibly serve.

---

Fourth Amendment jurisprudence, Indiana law also mandates that "a police officer may use only the force that is reasonable and necessary for effecting an arrest. . . . If a police officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery." *Fidler v. City of Indianapolis*, 428 F.Supp.2d 857, 866 (S.D.Ind. 2006) (citations omitted).

9

*Duguay*, 93 F.3d at 353 (citations omitted). Martin argued that his cousin Je'Carri Martin, who was riding with him on the day he was arrested and who was a licensed driver, should have been permitted to drive his vehicle from the scene and that the Defendants' decision (actually made by Defendant Michael Long) to search and impound his vehicle was in contravention of *Duguay*. Long argued that he decided to impound the vehicle since it was used in a "road rage" incident with another vehicle and he feared the situation might resume or escalate if he allowed Martin's vehicle to be driven from the scene.[4] Martin argued, as he does now, that the search and seizure of his vehicle was so clearly in violation of the holding in *Duguay* that the Court should find in his favor on the issue as a matter of law. He contends that Long's explanation (or excuse) for seizing his vehicle was based on "rank speculation," was "purely speculative," and "not based upon admissible evidence." Motion for Reconsideration, p. 6. He argues that "[y]et, the Court construed [this] non-existent evidence in favor of the Defendants and ruled that there were genuine issues of material fact." *Id*., pp. 6-7. He contends that "[r]espectfully, the Court went too far in imaging scenarios which were based upon pure speculation, hunches, or over-exaggerated imaginations." *Id*., p. 7. This is another way of arguing that the Court should not have put any credence in Long's explanation because it is bogus and based on nothing more than Long's speculation about what *might* happen if he did *not* seize Martin's car (or, as Martin puts it, Long's "quantum leaps-of-logic as justification for seizing Plaintiff's automobile[,]" *id.*, p. 6).

---

[4] Whether Long's concerns about the potential for renewed danger were warranted is for a jury to decide. As the Seventh Circuit acknowledged just recently (in an order addressing only the issue of qualified immunity), "[r]esidual anger and, indeed, irrationality often accompany such [road rage] episodes, and Officer Smith had to protect himself and the public from such a contingency." *Howell v. Smith*, 2016 WL 1314935, at *4.

Martin characterizes Long's assertions as "pure speculation" and "hunches" while the Defendants characterize them as observations by an experienced police officer that explain why his decision to impound Martin's vehicle was reasonable even in light of *Duguay*. To put it all more bluntly, Martin is arguing that Long's defense is such bull manure under the circumstances of this case that the Court should pay it no heed, and certainly should not conclude that it gives rise to a material fact issue. But the Court discussed Long's assertions at length in its previous order and even went so far as to expressly question whether they were reasonable under the circumstances. *See* Opinion and Order, p. 25. The Court concluded then, and reaffirms now, that credibility issues and a weighing of the evidence are necessary before the reasonableness of the Defendants' decision to search and seize Martin's vehicle can be determined. A jury must hear testimony from the witnesses, make credibility determinations, and then weigh all the evidence concerning what happened on June 27, 2014, before the reasonableness of the search and seizure can be determined.

> Here is how the Court concluded its analysis of this issue in its previous order:
>
> The Court cannot conclude as a matter of law that the officers' actions were reasonable under the circumstances, and the Defendants' motion for summary judgment must therefore be denied as to Martin's search and seizure claims. At the same time, the Court also cannot conclude that the Defendants' actions were *unreasonable* as a matter of law. While the facts of this case appear to invoke the rule of *Duguay*, the fact that a licensed driver was present and able to remove Martin's vehicle does not automatically mean that the Defendants acted in contravention of *Duguay*. A seizure might still be constitutional even if another licensed driver is present at the arrest of the owner/driver. As Judge Springmann pointed out in her order in Martin's proposed class action suit, even if the FWPD policy "was determined to be unconstitutional, that policy would not cause a deprivation in all circumstances. *See, e.g.*, *Cartwright*, 630 F.3d at 616 (holding that car was not lawfully operable because it did not have functional license plate lamp as required by Indiana law)." *Martin v. City of Fort Wayne*, 2016 WL 5110465, at *3. While the facts of this case do not indicate that any such

> mechanical or other problem prevented Ms. Martin from driving her cousin's vehicle from the scene, a jury could conclude that Long's explanation for his decision was reasonable under the circumstances even in light of *Duguay*, after assessing the evidence and judging the credibility of the witnesses. For all of these reasons, the Court denies both the Defendants' motion for summary judgment and the Plaintiff's motion for partial summary judgment as to Martin's Fourth and Fourteenth Amendment claims based on the search and seizure of his vehicle.

*Id*., pp. 40-41. Martin's challenge on this issue is really a rehash of his argument on summary judgment–that Long's explanations are so "desperate," "absurd" and "ridiculous" (*see* Plaintiff's Reply (DE 55), p. 7) that the Court shouldn't be hoodwinked by them. But that is a credibility determination and the Court declines Martin's invitation to jump over it. Plus, assuming a jury finds Long's explanations credible, it must then weigh all of the evidence in the case to determine whether those explanations resulted in a decision that was reasonable under the totality of the circumstances as they existed on the day these events took place. For these reasons, the Court reaffirms its previous holding and denies Martin's request to reverse, vacate or amend that holding as to his illegal search and seizure claim.

## CONCLUSION

For the reasons discussed above, the Plaintiff's Rule 54(b) Motion to Reconsider and Amend Judgment (DE 59) is GRANTED in part and DENIED in part. The motion is GRANTED as to the Plaintiff's claims for excessive force and battery against Defendant Barry Pruser and Martin may proceed on those claims. The motion is DENIED as to the Plaintiff's claim for illegal search and seizure of his vehicle and that claim remains pending.

Date: April 18 , 2017.

/s/   William C. Lee
William C. Lee, Judge
United States District Court